# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RAF LLC c/o Wego Realty and
Property Management,

    Plaintiff,

 v.            1:17-cv-3135-WSD

JOHN DOE, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Gary Hall's ("Hall") request for a temporary restraining order ("TRO"), contained in his "Petition Notice for Removal of Action, Complaint Preliminary and Permanent Injunction, Temporary Restraining Order" [1.1], which the Court construes as his Petition for Removal.

## I. BACKGROUND

On July 20, 2017, Plaintiff RAF LLC c/o Wego Realty and Property Management ("Plaintiff") filed, in the Magistrate Court of Clayton County, Georgia,[1] a dispossessory proceeding ("Complaint") against "John Doe and all

---

[1] No. 2017CM17392. Hall did not file a copy of the Complaint with his Petition for Removal. The docket for the Clayton County Action is available online at www.claytoncountyga.gov/courts/ court-case-inquiry.aspx.

other occupants," seeking possession of premises located at 1290 King Road, Riverdale, Georgia (the "Property").

On July 31, 2017, Anita Denisea Whitaker filed an Answer ([1.1] at 6) in the Clayton County Action, asserting that she rented the Property on July 11, 2017, and paid a deposit and rent for the first month.

On August 7, 2017, the Magistrate Court of Clayton County conducted a bench trial in this case and ordered that Plaintiff be issued a writ of possession for the Property. See 2017CM17392.

On August 18, 2017, Hall, proceeding *pro se*, removed the Clayton County Action to this Court by filing his Petition for Removal and Application to Proceed *In Forma Pauperis* ("IFP Application"). In his Petition for Removal, Hall states that he is a tenant at the Property and claims that the Clayton County Action "is Unconstitutional with respect to 'Due Process Clauses' [sic]14th Amendment," and that Plaintiff "did file an illegal dispossessory, having no legal standing to file a writ of possession." (Petition for Removal [1.1] at 1-2). Hall seeks a TRO to enjoin the Clayton County dispossessory action and eviction proceedings.

On August 18, 2017, Magistrate Judge J. Clay Fuller granted Hall's IFP Application and directed the Clerk of Court to submit this action to the Court for

review of Hall's request for a TRO that is contained in his Petition for Removal. ([2]).

The Court first considers whether it has subject matter jurisdiction over this action.

## II. DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Hall asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). The record also does not show that Plaintiff and Hall are citizens of different states, and even if diversity does exist, Hall fails to show that the amount in controversy exceeds $75,000.00. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001),

4

aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of premises currently possessed by Hall. It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

---

[2] Even if subject matter jurisdiction existed, the Court cannot provide Hall the relief he seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding. To the extent Hall seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of Clayton County, Georgia.

**SO ORDERED** this 18th day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE